sel for the appellee also cites in support of this construction of the act, Westberg v. Chicago Lumber & Coal Co., 117 Wis. 589. But this case is not authority for the proposition. The learned justice who delivered the able, if not convincing, opinion in the case, discussed the question and arrived at that conclusion, but the instrument sued on was a nonnegotiable bill of exchange, and hence the question was not involved in the case. This is conceded by the learned judge in closing his opinion, reversing and remanding the case for new trial, wherein he said (p. 595) : " It seems clear from the title that the codifying law of 1899 is intended to regulate only negotiable instruments. It, therefore, does not affect or control the rights of the parties upon this paper."

We are of the opinion that under section 137 of the negotiable instruments law of this state, that the failure or neglect of a drawee to whom a bill is delivered for acceptance to return the bill, accepted or nonaccepted, to the holder within twenty-four hours after delivery, makes the drawee an acceptor of the bill. It, therefore, follows in the case in hand that the defendant bank, having failed to return the five checks to the collecting bank, within twenty-four hours after their delivery to the drawee, that the latter must be deemed to have accepted the checks, and is, therefore, liable to the plaintiff for the amount of them.

The judgment non obstante veredicto in favor of the defendant is reversed, and judgment is now directed to be entered by the court below on the verdict in favor of the plaintiff and against the defendant.

---

# Houston v. Central Board of Education of Pittsburg, Appellant.

*School law—Central Board of Education of Pittsburg—Salaried commission—Fixing salaries of teachers—Delegation of power—Act of February 12, 1869, P. L. 150.*

The Central Board of Education of Pittsburg has no power under the Act of February 12, 1869, P. L. 150, by which it was created, to

appoint a salary commission and delegate to it the power to examine teachers as to their proficiency, and to fix their salaries.

Argued Nov. 1, 1907. Appeal, No. 15, Oct. T., 1907, by defendant, from decree of C. P. No. 3, Allegheny Co., May T., 1906, No. 183, on bill in equity in case of James W. Houston *v.* Central Board of Education of Pittsburg. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction.

EVANS, J., filed the following opinion :

The plaintiff, a taxpayer of the city of Pittsburg, files this bill against the Central Board of Education of the city of Pittsburg, alleging that in the appointment of a commission known as the teachers' salary commission, and the maintenance of said commission and the payment of salaries of certain of the teachers of the said districts of the city of Pittsburg, in accordance with the recommendation of said commission, the defendant has transcended its authority, and asking that it be restrained in the premises.

### FINDINGS OF FACT.

The facts in this case are not in dispute. There was no testimony taken at the trial of the case, and all the material allegations of the plaintiff's bill are admitted in the answer, and we have found the undisputed facts in the case by the approval of the requests of the plaintiff for findings of fact, and refer to them and to the bill for the facts in the case.

### CONCLUSIONS OF LAW.

In the month of December, 1904, the defendant, the Central Board of Education of the city of Pittsburg, by resolution, divided the teachers of the subdistrict schools below the eighth grade into two classes, to be known as class A and class B, and fixed the salary of class A at various amounts, dependent upon the number of years' experience had by the teacher, making the salary for above seven years' experience $800 per annum, and fixed the salary of the teachers in class B at $900 per annum. The requisites of enrollment in class B were, first, the teacher shall have taught seven an-

nual terms of ten months each ; second, they shall hold a
permanent certificate issued by the state of Pennsylvania ;
third, they shall be recommended to the commission by the
board of directors of the subdistrict in which they are em-
ployed at the time of the application, and said recommenda-
tion shall have the approval of the principal, and shall be
indorsed by a commission known as the teachers' salary com-
mission upon an investigation and examination made by it.
The above is in substance the acts of the defendant which
the plaintiff alleges are illegal.

The defendant is a creature of the legislature, and unless
the powers assumed by it in the premises are authorized by
the legislature, then it has no right to expend the public money
in the furtherance of the object to be obtained by the exercise
of these powers. The Act of February 12, 1869, P. L. 150,
creating the Central Board of Education of Pittsburg and de-
termining its powers, is very specific, and goes into detail in
fixing the powers of the central board, both as respects to the
high school and the subdistrict schools, and the only power
or control which the Central Board of Education may exer-
cise with reference to the teachers of the subdistrict schools
is found in the twenty-seventh section of the act, which pro-
vides, " That the central board shall have power and author-
ity to determine upon the number of teachers in the subdis-
trict schools, schools for children of color and professors and
teachers in the high school, and to fix and pay the salaries
of all of said professors and teachers." Another section gives
it the power to appoint and to dismiss professors and teach-
ers in the high school, but as to the subdistrict schools this
authority is given to the local board.

It is under the power to fix and pay the salaries of the teach-
ers of the subdistrict schools that the Central Board of Educa-
tion assumes to maintain the salary commission. The salary
commission was appointed by a resolution of the Central Board
of Education in the month of December, 1904, and the para-
graph which embodies the real work of that commission is as
follows : " The commission shall have the following powers
and duties : " (b) to conduct such investigation at such times
and in such manner as may be decided by the commission,
and as may be deemed necessary that a just conclusion may

be reached on the proficiency and progressive spirit of the applicant in her profession." It will be observed that there is no standard fixed by the school board, the attainment of which will determine the question of the salary to be paid to the teacher. There is no direction as to the manner in which the examination of the teacher, in order to determine her proficiency and progressive spirit, is to be conducted. The entire matter is left to the discretion of the commission created by the Central Board of Education, without a rule to guide them or to bind them, and the report of the commission is final and conclusive both upon the applicant and the central board.

Paragraph (c) of the powers of the commission is, " To report to the various sub-district boards from whose corps of teachers applications have been received the names of the teachers who have been enrolled in Class B ;" paragraph (d), " To report to the Secretary of the Central Board of Education before the 15th of September in each year the names of such teachers as have been enrolled in Class B during the year." It will be observed that the commission enrolls the teachers in class B and class A without reference to the will of the local board or of the central board, without consulting either, and simply reports the result of its conclusion to those boards. The fixing of the salaries of teachers on the basis of the report of this commission is certainly the fixing of those salaries by proxy, which was condemned by the Supreme Court of our state in Delano Land Company's Appeal, 103 Pa. 347. Mr. Justice TRUNKEY, in delivering the opinion of the court, said : " Doubtless the directors believed it for the interest of the district to employ Noonan to perform many of their own duties, and some of the duties of the county superintendent, in relation to the fifteen schools widely scattered over a large township. The directors honestly arranged to supervise, grade and visit the schools by proxy. But their good faith does not stand as authority for employing a superintendent for the district. The provisions of the law may be inadequate to the needs of the district because the county superintendent has too much to do, and the directors are indisposed to do all that is required of them. If so, the power that made the law alone can remedy its defects." We think the decision of that case

governs this one. The power to fix the salaries is in the Central Board of Education. It has a discretion which must be exercised by it and cannot be delegated to a commission, and the payment of salaries to this commission and the expenses of its maintenance and operation and the payment of salaries based upon the report made by it, are without the power of the central board and contrary to law. To the board of directors of the subdistrict schools is given the power to elect the teachers, to supervise their conduct during their incumbency, and to discharge them for reasons specified in the act of assembly. Necessarily connected with these powers is the duty to pass upon their qualifications as teachers before their election, the efficiency of their work during their incumbency and their term of service in the subdistrict schools. All these are given necessarily to the directors of the subdistrict schools; none of them are given to the Central Board of Education. If we then give to the Central Board of Education power to fix the salary dependent upon its judgment of the qualifications of the individual teachers, we take away from the directors of the subdistrict schools the gist of their supervision over the individual teachers and their determination of their qualifications and efficiency. Of what good would be the power to elect a teacher by the directors of the subdistrict schools if the Central Board of Education might determine that that teacher was unfit for the position and fix her salary at such an inadequate amount that she could not afford to accept the position?

It was not intended by the legislature that the power to fix the salaries of the teachers of the subdistrict schools should thus interfere with the powers and duties of the subdistrict board; but the evident intention is to fix such a schedule of salaries that the directors of the various subdistricts may know from their examination of the qualifications of the teacher, her experience, her probable efficiency in the school, the position to which they would elect her, the exact salary which she shall get upon the assumption of her duties. And this is the interpretation which the Central Board of Education has placed upon the authority given it to fix salaries from its creation up until December, 1904, and it was in pursuance of this interpretation of the act of assembly that it fixed the salaries of the teachers of the subdistrict schools.

1. The plaintiff has standing to maintain this bill.

2. The creation and maintenance of the commission known as the teachers' salary commission by the defendant is without authority of law.

3. The payment of salaries and expenses of said commission by the defendant was unlawful.

4. The fixing of the salaries by the defendant of the teachers of the subdistrict schools below the eighth grade and above seven years' experience, in accordance with the resolution of December, 1904, was not an exercise of the power given to it to fix the salaries of the teachers of the subdistrict schools, and was therefore unlawful and void.

### DECREE.

And now, September 22, 1906, this cause came on to be further heard at this term, and was argued by counsel, and, upon consideration thereof, it is ordered, adjudged and decreed as follows, viz. :

1. The teachers' salary commission referred to in the bill in this case is illegal, and has no legal right to exercise the powers purporting to be conferred upon it under the resolution adopted by the defendant and referred to in said bill.

2. The defendant, the Central Board of Education of the city of Pittsburg, its officers, members and agents, are hereby enjoined and restrained from paying out any funds by way of salary, expense, or otherwise, to the members of, or on account of, said teachers' salary commission.

3. The defendant, and the members thereof, are hereby ordered to resume and exercise the power and duty of fixing the salaries of teachers of the subdistrict schools of the city of Pittsburg, in accordance with the statute in such case made and provided.

*Error assigned* was the decree of the court, quoting it.

*W. B. Rodgers,* with him *W. J. Brennen,* for appellant. —The appointment of the commission and the fixing of its powers and duties was not an unlawful delegation of power on the part of the central board : Locke's App., 72 Pa. 491 ; Moers v. Reading, 21 Pa. 188 ; Georgia R. R. Co. v. Smith, 70 Ga. 694 ; McGonnell's License, 209 Pa. 327.

*M. W. Acheson, Jr.,* of *Patterson, Sterrett & Acheson,* with him *Andrew G. Smith* and *Charles F. C. Arensberg,* for appellee.—The plaintiff has a standing to maintain this bill : Delano Land Co.'s App., 103 Pa. 347 ; Bender v. School Directors of Manor Twp., 182 Pa. 251 ; Hysong v. Gallitzin Borough School Dist., 164 Pa. 629 ; Wharton v. School Directors of Cass Twp., 42 Pa. 358.

The defendant itself lacks the power to do the things which it undertook to authorize its creature, the commission, to do : Com. v. Paine, 207 Pa. 45 ; Price v. Lancaster County, 189 Pa. 95.

If the defendant has the power claimed, then such power is discretionary and cannot be delegated : Mercer County v. Pittsburg, etc., R. R. Co., 27 Pa. 389 ; Delano Land Co.'s App., 103 Pa. 347.

The commission in any event would have to serve gratuitously : Delano Land Co.'s App., 103 Pa. 347 ; Ford v. Kendall Boro. School Dist., 121 Pa. 543 ; Erie School Dist. v. Fuess, 98 Pa. 600 ; Briegel v. Philadelphia, 135 Pa. 451.

PER CURIAM, January 6, 1908 :

The decree entered in this case is affirmed on the findings of fact and conclusions of law by the learned judge of the common pleas.

---

# Federal National Bank *v.* Cross Creek & Pittsburg Coal Company, Appellant.

*Affidavit of defense—Promissory notes—Discount—Banks and banking —Practice, C. P.*

The agent of a corporation has no implied authority to bind the corporation by an accommodation indorsement.

Where, in an action by a bank against a corporation on promissory notes on which the defendant's name appeared as fourth indorser and in no other connection, the statement of claim avers that the notes were discounted by the plaintiff before maturity, and that the proceeds went to the parties to the notes, an affidavit of defense is sufficient to prevent judgment, which avers that the defendant's name on the notes was only by way of accommodation indorsement, that the in-